CRAIN, Judge.
This is an appeal of a jury verdict in favor of the defendant in a medical malpractice action.
FACTS
Oscar Bouquet had a bilateral upper and lower blepharoplasty performed by Dr. Charles Williamson. Dr. Williamson was assisted in the surgical procedure by Dr. Fay Woo. A blepharoplasty is a surgery removing fat and a portion of excess skin from the eyelid generally performed on an out-patient basis. Dr. Williamson performed the surgery on the left eye while Dr. Fay Woo performed the surgery on the right eye. Before the patient was released, Dr. Woo was asked by the family to examine Mr. Bouquet’s right eye because it was still bleeding. Dr. Woo removed the blood and examined the eye. She characterized the bleeding as an “oozer” that was not significant enough to prevent discharge and Mr. Bouquet went home. He later suffered a retrobulbar hemmorhage which caused irreparable damage to his right eye.
Mr. Bouquet brought a claim before a medical review panel. The panel determined that Dr. Woo was not at fault.
The plaintiffs proceeded to trial. At trial the opinion of the medical review panel was introduced without an objection by the plaintiffs. Two members of the panel were witnesses for the defendant. After cross-examining the panel witnesses, the plaintiffs entered an objection to the introduction of the decision of the medical review panel. The trial judge overruled this objection.
The issues on appeal are whether the trial court erred in admitting into evidence the decision of the medical review panel; and whether the trial court erred in refusing to give a requested jury instruction.
INTRODUCTION OF THE DECISION OF THE MEDICAL REVIEW PANEL
La.R.S. 40:1299.47(G) states in part:
The panel shall have the sole duty to express its expert opinion as to whether or not the evidence supports the conclusion that the defendants acted or failed to act within the appropriate standards of care as charged in the complaint. After reviewing all evidence and after any examination of the panel by counsel representing either party, the panel shall ... render one or more of the following expert opinions which shall be in writing and signed by the panelists:
1) The evidence supports the conclusion that the defendant or defendants failed to comply with the appropriate standard of care as charged in the complaint.
2) The evidence does not support the conclusion that the defendant or defendants failed to meet the applicable standard of care as charged in the complaint.
3) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court.
The appellants argue that the medical review panel’s decision was based on an acceptance of Dr. Woo’s version of the severity of the bleeding when she examined the plaintiff’s eye just prior to his being released and the lack of a hematoma on the eyelid after surgery. The plaintiffs argue that the proper course of action for the medical review panel was to find that there was a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court. La.R.S. 40:1299.-47(G)(3). The appellants argue that it was error for the trial court to admit the decision of the medical review panel into evidence.
The appellants did not object to the introduction of the decision of the medical re *1257 view at the time of admission. The appellant objected after the doctors testified as to their findings. The issues of whether there was a hematoma present in the eyelid when Dr. Woo was closing the incision, how much the blood was oozing when Dr. Woo examined the eye prior to the appellants release and when the appellant began to show signs of hemorrhaging were the central conflicting issues argued to the jury. The appellants were aware of the evidence that had been submitted to the medical review board. The appellants knew there were contested issues of fact and failed to object to the admissibility when the decision of the medical review panel was offered into evidence.
La. Code of Evidence art. 103 states in part:
A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
1) Ruling admitting evidence. When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection.
Section (a) of the Comments to La. Code of Evidence art. 103 states that the article “continues the general requirement in Louisiana law that there be a contemporaneous objection”.
At the time of the objection, the trial court stated that the decision of the medical review panel had already been admitted into evidence. This assignment lacks merit.
JURY INSTRUCTION
The appellants next argue that it was error for the trial court not to give a requested jury instruction.
In a jury trial, the judge is not required to give the precise instructions submitted by either party but must give instructions which properly reflect the law applicable in light of the facts of the particular case. Simmons v. Hope Contractors, Inc., 517 So.2d 333 (La.App. 1st Cir.1987), writ denied, 518 So.2d 510 (La.1988).
We have examined the instructions given by the trial judge and find that they adequately cover the law. The requested instruction dealt with the weight to be given the decision of the medical review panel should it be determined that they improperly selected an option in reaching their decisions. The trial judge informed the jury that they were to weigh the expert opinions and give them the weight they thought it deserved. This assignment lacks merit.
The judgment of the trial court is af-. firmed. All costs are assessed against the appellants.
AFFIRMED.